Lebkeucher v. Bolansen.

## Jacob Lebkeucher v. Louis Bolansen.

1. MASTER AND SERVANT—*Risks of the Employment.*—When a person contracts an employment with the distinct understanding that a certain boat, with its engine and boilers therein, is to be used in excavating a ditch, and that a certain engineer is to have charge and control of the same, and that he is to work under his direction, it is a perversion of the law to say that under such circumstances it is the duty of the employer to use reasonable care to provide safe machinery and a competent engineer, for the reason that the parties knew that the boat, equipped as it was, was to be used, and that this engineer was to be in charge.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cass County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 11, 1896.

MILLS & McCLURE, attorneys for appellant.

BAILEY & HOLLY, attorneys for appellee.

OPINION PER CURIAM.

This is an appeal from a judgment for $175 against the appellant in an action on the case. The declaration alleged,

in the first count, that defendant being engaged in digging
a ditch, employed the plaintiff to work for him, and that in
the construction of said ditch it was necessary for defend-
ant to use a certain dredge boat, with the engine, boiler and
machinery therein, and that defendant furnished said boat,
and that it was his duty to exercise reasonable care and
caution to furnish a reasonably good and safe boat, engine,
etc., on and about which plaintiff was to work, and to use
reasonable care to furnish an expert and experienced and
capable engineer to operate the boiler, engine, etc., on said
boat; that defendant failed to use due care in both of said
matters; that the engine, boiler, etc., so furnished were old,
and imperfect and unsafe, and that the engineer was inex-
perienced, incapable and inefficient, and that while plaintiff
was working for said defendant on said boat, and while
using ordinary care for his own safety the boiler on said
boat, by reason of its unsafe, imperfect and bad condition,
and the unskillful management thereof by the engineer,
exploded, whereby the plaintiff was injured, etc. The second
count alleged in substance the same, with the addition that
the engineer was known by the defendant to be competent
and skillful, and that through his failure to keep the boiler
properly cleaned and supplied with water it exploded, etc.
The third count averred that the defendant, by the exercise
of ordinary care, might have known that the engineer was
incompetent, and the boiler exploded because of its unsafe
condition and the unskillful management thereof.

The case, as made by the proof, was that the Hager Slough
Drainage District owned a steam dredge boat which was
bought to be used in constructing a ditch in said district.
The boat was operated under the direction of the drainage
commissioners for two years or more and was then sold to
an ice company at Alton. Several years later, the drainage
commissioners thought it necessary to dredge and clear the
ditch and they bought the boat again and brought it back
to be used for that purpose.

They had some repairs and changes made, and used the
boat during the fall of 1895.

In the spring of 1895, they proposed to the appellant that he take the contract of completing the work. He finally concluded to do so after having a conference with the appellee, who had worked on the boat as a deck hand, and with one Lon May, who had been the engineer at different times, and under whom the appellee had worked as such deck hand. Both May and appellee urged appellant to undertake the contract, with the understanding that if so, they were to have the positions of engineer and deck hand as before, at certain rates which were then mentioned.

There is some evidence tending to show that they were expecting to share in the profits of the contract also, but this is in dispute. The appellee, who was a former resident in the district, knew nothing, except in a general way, as to the condition of the boat.

He put May in charge with the appellee, and William May, a relative of Lon May, and Jesse Griffin as assistants, and instructed May to put the boat in order and make any needed repairs.

It appears that after such repairing as was thought necessary the work was begun and proceeded several days when the boiler exploded, killing William May and seriously injuring the appellee. Just what caused the explosion is unknown, though the indications are that there was a want of water in the boiler, caused, perhaps, by the muddy condition of the water, or by some temporary stoppage in the pump. It is not shown that the engineer was incompetent, or that the explosion was due to the condition of the boiler, except so far as may be inferred from the fact of explosion.

It is quite apparent that appellee knew when he conferred with appellant in regard to the latter taking the contract, that this particular boat, with the boiler and engine therein, was to be used in the work, and that May was to be the engineer in charge, and further, that he knew much more about May's competency as an engineer than did appellant, and that he knew as much as to the condition of the boat as did the appellant.

The case was put to the jury by the instructions as though

it was the ordinary one of a person being hired by another for the work in question, with the legal implication that the employer was to use due care to furnish safe machinery and competent servants, while the fact was, that the employment was with the distinct understanding that this boat, with the boiler and engine therein, was to be used, and that this engineer was to have charge and control of the same, and that appellee was to work under his direction. It is a perversion of the law to say, under such circumstances, that it was the duty of the master to use reasonable care to provide safe machinery and a competent engineer, for the reason that the parties knew and intended that this boat equipped, as it was, should be used and this engineer was to be in charge.

The appellee must be deemed to have assumed any risk incident to the service under these contemplated conditions. The judgment will be reversed and the cause remanded.